IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, SIERRA CLUB, NATURAL RESOURCES DEFENSE COUNCIL, NATIONAL PARKS CONSERVATION ASSOCIATION, GRAND CANYON TRUST, WILDEARTH GUARDIANS,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. BUREAU OF LAND MANAGEMENT, an agency within the U.S. Department of the Interior; U.S. DEPARTMENT OF THE INTERIOR, a federal agency; JOSEPH R. BALASH, in his official capacity as Assistant Secretary for Land and Minerals within the Department of Interior; DAVID BERNHARDT, in his official capacity as Acting Secretary of the Department of the Interior.<br><br>Defendants. | ORDER REQUIRING FURTHER MATERIALS<br><br><br>Case No. 2:19-cv-256<br><br>Judge Clark Waddoups |

Before the court is the parties' proposed consolidated scheduling order, (ECF No. 24). As explained below, the court orders the parties to provide further materials.

Background

On July 26, 2019, the parties submitted a Proposed Consolidated Scheduling Order in an Administrative Case Under DUCiv-R 7-4. (ECF No. 24.) In this filing, the parties provided that "while [they] have agreed on relative timeframes . . . they have been unable to agree on an absolute time frame (*i.e.*, the date on which the initial scheduling event, which is the filing of the Administrative Record, will occur)." (ECF No. 24 at.1) Plaintiffs propose that the Federal

Defendants "lodge the administrative record by" August 30, 2019. (ECF No. 24 at 5.) The Federal Defendants propose December 20, 2019.

The Federal Defendants provide that "[i]n 2004, when the challenged project was originally proposed, the Bureau of Land Management . . . hired a contractor . . . to prepare and compile the administrative record but regrettably, the administrative record was not compiled in a useable format." (ECF No. 24 at 4.) The Federal Defendants provide that they are in the process of hiring a new contractor to compile the record. (*See* ECF No. 24 at 4.)

Plaintiffs argue that the administrative record "is normally filed within a short time following entry of a scheduling order," and argue that they should not be "subject to a prejudicial delay as a result of the Bureau's error." (ECF No. 24 at 4.) Plaintiffs argue that the Bureau need not hire a new contractor because it can use its "own personnel to fix the problem [the Bureau itself] created." (ECF No. 24 at 4.)

The Federal Defendants offer to "file a separate pleading with a supporting declaration from the [Bureau of Land Management] attesting to the representations provided . . . ." (ECF No. 24 at 5.)

## Order

The court respectfully instructs the Federal Defendants to file a supporting declaration attesting to its representations. The Federal Defendants are further respectfully instructed to respond to Plaintiffs' position that an administrative record "is normally filed within a short time following entry of a scheduling order . . . ." And Defendants are respectfully instructed to address whether the Bureau's own personnel should compile the administrative record.

The Federal Defendants' submission is due on or before August 9, 2019. Plaintiffs shall file a response on or before August 16, 2019.

DATED this 30th day of July, 2019.

                                                   BY THE COURT:

                                                   */s/ Clark Waddoups*

                                                   CLARK WADDOUPS
                                                 United States District Court Judge