Denise A. Dragoo (Utah Bar No. 908)
Paul W. Shakespear (Utah Bar No. 14113)
SNELL & WILMER L.L.P.
15 W. South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
ddragoo@swlaw.com
pshakespear@swlaw.com

Bennett E. Bayer (*Pro Hac Vice* Pending)
LANDRUM & SHOUSE LLP
106 West Vine Street, Suite 800
Lexington, Kentucky  40507
Telephone: (859) 554-4038
Facsimile: (859) 233-0308
bbayer@landrumshouse.com

Attorneys for Intervenor-Defendant
Alton Coal Development, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, SIERRA CLUB, NATURAL RESOURCES DEFENSE COUNCIL, NATIONAL PARKS CONSERVATION ASSOCIATION, GRAND CANYON TRUST, WILDEARTH GUARDIANS,<br><br>            Plaintiffs,<br><br> v.<br><br>U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF THE INTERIOR, JOSEPH R. BALASH, and DAVID BERNHARDT.<br><br>            Defendants. | **ALTON COAL DEVELOPMENT, LLC'S MOTION TO INTERVENE AS A PARTY DEFENDANT AND ENTRY OF APPEARANCE OF COUNSEL**<br><br>Case No. 2:19-cv-00256<br><br>Judge Clark Waddoups |

4837-4912-6804

Pursuant to Fed. R. Civ. P. ("FRCP") 24, Alton Coal Development, LLC ("ACD"), by and through undersigned counsel, hereby moves this Court for an order granting ACD the right to intervene in this action, based on the following:

**I.   BACKGROUND**

1. The federal coal lease UTU-81895 (the "Lease"), which is the subject of the above-captioned matter, was issued on February 19, 2019 by the U.S. Department of the Interior ("DOI") as lessor, to ACD as lessee, following a competitive lease sale and DOI's acceptance of ACD's bonus bid of Twelve Million Three Hundred Twenty Thousand Dollars ($12,320,000). A true and correct copy of the Lease is attached hereto as Exhibit. A.

2. Since 2010, ACD has been mining coal at the Coal Hollow Mine in Kane County, Utah on private property adjacent to the Lease and continued operation of the Mine is dependent on the development of federal coal reserves under the terms of the Lease.

**II.   LEGAL ARGUMENT**

Federal Rule of Civil Procedure 24(a) governs intervention as of right, and establishes that a motion to intervene must be granted if the motion is (1) "timely"; (2) the movant has "an interest relating to the property or transaction"; (3) the movant is "so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest"; and (4) the existing parties do not "adequately represen[t]" the movant's interest. *See also Coal. of Arizona/New Mexico Counties*, 100 F.3d 837, 840 (10th Cir. 1996). The request to intervene by ACD satisfies each of these elements as follows.

First, this motion is timely. "The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246 1250 (10th Cir. 2001). The

Complaint for Declaratory and Injunctive Relief, ECF No. 2, was filed on April 16, 2019. The Federal Defendants filed their Agency Statement responding to the Complaint on July 12, 2019, ECF No. 23. Prior to entry of a scheduling order the Court has requested Federal Defendants to provide a supporting declaration regarding the time required to prepare the administrative record and Plaintiffs may file a response on or before August 16, 2019. ECF No. 25. ACD's proposed intervention is requested prior to the Court's entry of a Scheduling Order and is timely and no delay should occur to the Court or the parties by the intervention.

      Second, the legal interests asserted by ACD are directly related to the subject of this action. ACD is the lessee of record, holding a 100% leasehold interest in the Lease, and proposes to mine federal coal reserves under the Lease at the Coal Hollow Mine in Kane County, Utah. The Tenth Circuit requires that the "interest in the proceedings be 'direct, substantial and legally protectable.'" *Vermejo Park Corp. v. Kaiser Coal Corp.*, 998 F.2d 783, 791 (10th Cir. 1993). In applying this standard, the Tenth Circuit has "tended to follow a somewhat liberal line in allowing intervention." *National Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977). That approach is appropriate because the "interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as compatible with efficiency and due process." *Coal. of Arizona*, 100 F.3d at 839. As the Tenth Circuit has explained, this element is not to be strictly construed. *See id.* at 844. As a result, this Court "may consider any significant legal effect in the applicant's interest and [it is] not restricted to a rigid res judicata test." *Nat. Res. Def. Council v. U.S. Nuclear Reg. Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978).

      Third, Plaintiff's request for relief in its Complaint seeks to vacate the Lease and require ACD to cease mining federal coal. ECF No. 2 at p. 25. This requested remedy clearly exceeds the minimum requirement to show that the action will "impair or impede" ACD's rights. Vacating the Lease, issued to ACD for the substantial bonus bid price of $12,320,000, will prevent ACD from mining the federal coal reserves needed for the continued operation of the Coal Hollow Mine.

Only with the permission of this Court to intervene, can ACD properly assert its rights and protect its interests in the Lease. Fed. R. Civ. P. 24(a).

Finally, as reflected herein in the Report of Attorney Planning Meeting, ECF No. 24, the focus of Plaintiffs and Federal Defendants is on the administrative record supporting the Record of Decision ("ROD") dated August 29, 2018, authorizing the lease of federal coal. Since the ROD was released, BLM has held a competitive lease sale, accepted ACD's bonus bid of $12,320,000 and issued the Lease to ACD. Lease sale and issuance is not addressed in the Plaintiff's Complaint. ECF No. 2. The property rights of the lessee and economic impact on ACD of vacating the Lease and halting mining operations at the Coal Hollow Mine will not otherwise be addressed by the current parties to the litigation who do not adequately represent the prospective intervenors' interests.

The burden of proof imposed by the fourth element of Rule 24(a) is slight. *National Farm Lines*, 564 F.2d at 383 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). "The possibility of divergence of interest need not be great in order to satisfy the burden of the applicants." *Coal. of Arizona*, 100 F.3d at 845 (cleaned up) (quoting *Natural Resources Defense Council*, 578 F.2d at 1346. The situation in this case is "the familiar situation in which the governmental agency is seeking to protect not only the interest of the public but also the private interest of the petitioners in intervention, a task which is on its face impossible." *Id.* (quoting *National Farm Lines*, 564 F.2d at 383). "[T]his kind of a conflict satisfies the minimal burden of showing inadequacy of representation" and ACD should, therefore, be permitted to intervene. *Id.*

Counsel for ACD has notified counsel for Plaintiffs and Federal Defendants of its intent to intervene in this matter. The Federal Defendants take no position. The Plaintiffs have not responded.

Based on the foregoing, ACD respectfully requests the Court to enter an order authorizing it to intervene as a Defendant in this matter; amend the style accordingly; and authorize ACD to

-5-

file and serve the proposed *Intervenor Alton Coal Development, LLC's Statement Denying Arbitrary and Capricious Agency Action* in the form attached hereto as Exhibit B.

### III. APPEARANCE OF COUNSEL

Denise A. Dragoo (ddragoo@swlaw.com) and Paul W. Shakespear (pshakespear@swlaw.com) of Snell & Wilmer L.L.P., 15 W. South Temple, Suite 1200, Salt Lake City, Utah 84101, and Bennett E. Bayer (bbayer@landrumshouse.com) (to be admitted *pro hac vice*) of Landrum & Shouse LLP, 106 W Vine St. Ste 800, Lexington KY 40507 give notice of their appearance as counsel for Intervenor-Defendant Alton Coal Development, LLC in the above-captioned matter and request receipt of all notices and pleadings in this action.

DATED this 9th day of August, 2019.

Respectfully submitted,

*/s/ Denise A. Dragoo*
Denise A. Dragoo
Paul W. Shakespear
SNELL & WILMER, L.L.P.

Bennett E. Bayer
LANDRUM & SHOUSE LLP

*Attorneys for Intervenor-Defendant
Alton Coal Development, LLC*

4837-4912-6804

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of August, 2019, I caused a true and accurate copy of the foregoing **ALTON COAL DEVELOPMENT, LLC'S MOTION TO INTERVENE AS A PARTY AND ENTRY OF APPEARANCE OF COUNSEL** to be filed electronically with the Court which caused the following to be served electronically through ECF:

| | |
|---|---|
| Aaron C. Garrett<br>Executive Director<br>Nonprofit Legal Services of Utah<br>177 East 900 South, Suite 202<br>Salt Lake City, UT 84111<br>(385) 419-4111<br>aaron@nonprofitlegalservices.com | Nathaniel Shoaff<br>Senior Attorney<br>Sierra Club Environmental Law Program<br>2101 Webster Street, Suite 1300<br>Oakland, CA 94612<br>(415) 977-5610<br>nathaniel.shoaff@sierraclub.org |
| Ann Alexander<br>Senior Attorney<br>Natural Resources Defense Council<br>111 Sutter Street, 21st Floor<br>San Francisco, CA 94101<br>(415) 875-6190<br>aalexander@nrdc.org | MICHELLE-ANN C. WILLIAMS,<br>Trial Attorney<br>Natural Resources Section<br>Environment and Natural Resources Division<br>United States Department of Justice<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>(202) 305-0420<br>michelle-ann.williams@usdoj.gov |
| Leah Peterson<br>Office of the Solicitor<br>U.S. Department of the Interior<br>125 South State Street, Suite 6201<br>Salt Lake City, UT 84138<br>leah.peterson@sol.doi.gov | |

*/s/ Mindi K. Mordue*

4837-4912-6804