IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, SIERRA CLUB, NATURAL RESOURCES DEFENSE COUNCIL, NATIONAL PARKS CONSERVATION ASSOCIATION, GRAND CANYON TRUST, WILDEARTH GUARDIANS,<br><br>　　　Plaintiffs,<br><br>　　　vs.<br><br>U.S. BUREAU OF LAND MANAGEMENT, an agency within the U.S. Department of the Interior; U.S. DEPARTMENT OF THE INTERIOR, a federal agency; JOSEPH R. BALASH, in his official capacity as Assistant Secretary for Land and Minerals within the Department of Interior; DAVID BERNHARDT, in his official capacity as Acting Secretary of the Department of the Interior.<br><br>　　　Defendants. | ORDER ADOPTING FEDERAL DEFENDANTS' PROPOSED SCHEDULE<br><br>Case No. 2:19-cv-256<br><br>Judge Clark Waddoups |

　　　As explained below, the court adopts the Federal Defendants' Proposed Schedule.

Background

　　　On July 26, 2019, the parties submitted a Proposed Consolidated Scheduling Order in an Administrative Case Under DUCiv-R 7-4. (ECF No. 24.) In this filing, the parties provided that "while [they] have agreed on relative timeframes . . . they have been unable to agree on an absolute time frame (*i.e.*, the date on which the initial scheduling event, which is the filing of the Administrative Record, will occur)." (ECF No. 24 at.1) Plaintiffs proposed that the Federal

Defendants "lodge the administrative record by" August 30, 2019. (ECF No. 24 at 5.) The Federal Defendants proposed December 20, 2019.

On July 30, 2019, the court entered an Order requiring further briefing relating to the parties' disagreement. (*See* ECF No. 25 at 2.)

On August 9, 2019, the Federal Defendants filed a Response to the court's order. (ECF No. 28.) In this Response, the Federal Defendants made three arguments. First, they argued that the record is not currently in a format suitable for judicial review. (ECF No. 28 at 2.) Second, they argued that "the time to prepare an administrative record varies," and argued that in this case, the BLM "requires four months to produce the record in a usable format." (ECF No. 28 at 3.) Third, they argued that "the use of a third-party contractor to prepare the record will be more efficient than having BLM prepare the record on its own." (ECF No. 28 at 4.)

On August 16, 2019, Plaintiffs filed a Response to the Federal Defendants' Response. They argued that the Defendants "purported need for additional time results from unreasonable delays of their own making." (ECF No. 32 at 2.) They also argued that "the length of time requested by the Federal Defendants is well outside the norm for NEPA cases." (ECF No. 32 at 3.) Plaintiffs proposed "two alternative courses of action to allow this case to proceed without delay . . . ." (ECF No. 32 at 5.) First, they argue that the court should "simply order Federal Defendants to do what is necessary to file the record in a timely fashion . . . ." (ECF No. 32 at 5.) Second, alternatively, they argue that Federal Defendants "provide Plaintiffs with the Access database on the requested timeframe." (ECF No. 32 at 6.)

## Order

The court has carefully considered the parties' arguments. The court is sympathetic to Plaintiffs' position. Plaintiffs' arguments that BLM itself created this delay are persuasive.

Nevertheless, the court is convinced that the BLM would be unable to produce the Administrative Record in the time frame that Plaintiffs have requested. The court therefore declines to adopt Plaintiffs' first proposal. The court also declines to adopt Plaintiffs' second proposal. The court finds that the Plaintiffs' second proposal would likely lead to added confusion, create further disputes, and would not promote judicial economy. The court therefore adopts the Federal Defendants' proposed schedule. (*See* ECF No. 24 at 5–6.)

DATED this 20th day of August, 2019.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Court Judge