| | |
|---|---|
| **MANNING CURTIS BRADSHAW & BEDNAR PLLC** | **ABRAMS ENVIRONMENTAL LAW CLINIC** |
| Jess M. Krannich (Utah Bar No. 14398) | Mark Templeton (*Pro Hac Vice* pending) |
| Mitch M. Longson (Utah Bar No. 15661) | Robert Weinstock (*Pro Hac Vice* pending) |
| 136 East South Temple, Suite 1300 | 6020 South University Avenue |
| Salt Lake City, UT 84111-1180 | Chicago, Illinois 60637 |
| Tel: (801) 303-0034 | Tel: (773) 702-9611 |
| Fax: (801) 364-5678 | Fax: (773) 702-2063 |
| jkrannich@mc2b.com | templeton@uchicago.edu |
| mlongson@mc2b.com | rweinstock@uchicago.edu |

*Attorneys for Proposed Amicus Curiae Professor Michael Greenstone*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, SIERRA CLUB, NATURAL RESOURCES DEFENSE COUNCIL, NATIONAL PARKS CONSERVATION ASSOCIATION, GRAND CANYON TRUST, WILDEARTH GUARDIANS,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. BUREAU OF LAND MANAGEMENT, an agency within the U.S. Department of the Interior; U.S. DEPARTMENT OF INTERIOR, a federal agency; JOSEPH R. BALASH, in his official capacity as Assistant Secretary for Land and Minerals within the Department of the Interior; DAVID BERNHARDT, in his official capacity as Secretary of the Department of the Interior,<br><br>Defendants. | **MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF PROFESSOR MICHAEL GREENSTONE IN SUPPORT OF PLAINTIFFS**<br><br>Case No. 2:19-cv-00256-DBB-PMW<br><br>Judge David Barlow<br><br>Magistrate Judge Paul M. Warner |

Professor Michael Greenstone ("movant") respectfully requests the Court's leave to participate as amicus curiae in support of the plaintiffs. Movant's proposed amicus curiae brief is enclosed herewith as Exhibit A. The present motion details the interests of the movant and the reasons why his input is desirable and helpful to determine the ultimate disposition of this case. As it is within this Court's discretion to grant leave to participate as amicus curiae, this motion aims to demonstrate how movant's expert guidance on the Social Cost of Carbon ("SCC") will provide crucial information to help this Court evaluate the economic reasoning put forth by the Bureau of Land Management ("BLM"). Without Professor Greenstone's independent expertise, the Court will likely be without critical information bearing on the parties' claims and defenses.

Plaintiffs' counsel has advised the undersigned that plaintiffs do not object to this present motion. Federal Defendants' counsel has indicated that they intend to oppose the motion, reserving their right to review their position once they have seen the filed brief. Counsel for Intervenor State of Utah has advised that it does not consent to the motion. Counsel for Defendant-Intervenor Alton Coal Development, LLC has indicated that it does not consent and will object. As Professor Greenstone has attached his proposed amicus brief and filed this motion only one week after Plaintiffs' opening brief and several weeks before the deadline

for Defendants and Intervenors to file their briefs, Defendants and Intervenors will have ample time to review Professor Greenstone's brief and will not suffer prejudice.

## I. STANDARD OF REVIEW

The U.S. Court of Appeals for the Tenth Circuit has not developed a test for whether amicus curiae participation should be permitted, leaving the question to the discretion of courts. *See Hydro Resources, Inc. v. EPA*, 608 F.3d 1131, 1143 n.7 (10th Cir. 2010) (considering amicus briefs "[b]ecause the movants possess an adequate interest and present arguments that are useful to this court," and rejecting only proposed amicus curiae that would create conflicts of interest). Amici curiae are meant to "aid the court in disposing of issues before the court," but the court has "the sole discretion to 'determine the fact, extent, and manner of participation'" by amici curiae. *Moffat Tunnel Imp. Dist. v. Denver & S.L. Ry. Co.*, 45 F.2d 715, 722 (10th Cir. 1930); *Kane County, Utah v. United States*, 934 F. Supp. 2d 1344, 1347 (D. Utah 2013), *aff'd in part*, 772 F.3d 1205 (10th Cir. 2014) (quoting *Newark Branch, NAACP v. Harrison*, 940 F.2d 792, 808 (3rd Cir. 1991)). "Courts have broad discretion in determining whether to allow participation by amicus curiae." *High Country Conservation Advocates v. United States Forest Serv.*, 333 F. Supp. 3d 1107, 1116 (D. Colo. 2018) (citing *WildEarth Guardians v.*

*Lane*, 2012 WL 10028647, at *1 (D.N.M. June 20, 2012) (unpublished)). Courts "consider whether the amicus briefs provide 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Id.* at *2 (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)). Courts in this district routinely grant motions to file briefs as amicus curiae. *See, e.g.*, *Kane County*, 934 F. Supp. 2d at 1347; *Chegup v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 2019 WL 6220063, at *2 (D. Utah Nov. 21, 2019) (unpublished); *W. Rangeland Conservation Ass'n v. Zinke*, No. 2:14-cv-00327, Dkt. 42 (D. Utah Sept. 11, 2014); *Utah v. United States*, No. 2:05-cv-00540, Dkt. 88 (D. Utah Nov. 8, 2011).

In the absence of a specific test set forth in circuit precedent or local rules, districts courts consider a wide variety of factors in determining whether to grant a motion to participate as amicus curiae and often follow the analysis provided for in Federal Rule of Appellate Procedure ("FRAP") 29. *See, e.g.*, *Chegup,* 2019 WL 6220063 at *2 (unpublished) (citing FRAP 29). Under FRAP 29(a)(3), a motion seeking leave to participate as amicus must explain "(A) the movant's interest; and (B) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). As such, this motion will first explain Professor Greenstone's interest in this litigation and then

4

explain how his unique perspective and participation as amicus curiae would be desirable and helpful to the Court.

## II. PROFESSOR GREENSTONE'S INTEREST IN THIS MATTER

Professor Greenstone co-led the federal Interagency Working Group that developed the SCC protocol as a tool to help decision makers by producing an estimate of the monetized damages associated with a particular incremental increase in greenhouse gas ("GHG") emissions. Professor Greenstone's interest in this case arises from BLM's rejection of the SCC protocol in the Final Environmental Impact Statement ("FEIS") for the proposed Alton Coal Tract Lease by Application (UTU-81895). The SCC protocol is the most widely accepted and most broadly supported tool for quantifying the climate change related costs of GHG emissions.

Professor Greenstone is the University of Chicago Milton Friedman Professor in Economics at the College and the Harris School of Public Policy, as well as the Director of the interdisciplinary Energy Policy Institute at the University of Chicago and the Energy & Environment Lab at the University of Chicago Urban Labs. He served as the Chief Economist on the Council of

Economic Advisers for the President[1] and is a former member of the Secretary of Energy's Advisory Board.[2] He is an elected member of the American Academy of Arts and Sciences, and he earned his Ph.D. from Princeton University. He has published extensively on the Clean Air Act; its impacts on air quality, manufacturing activity, housing prices, and human health; and its benefits and costs. He is currently leading large-scale projects, including those through the Climate Impact Lab initiative, to estimate the economic and social costs of climate change at local and national levels and to identify efficient approaches to mitigating these costs. *See generally* Michael Greenstone, https://www.michaelgreenstone.com (last visited February 28, 2020); *see also* Curriculum Vitae of Michael Greenstone, attached as Exhibit B.

When Professor Greenstone served as Chief Economist for the Council of Economic Advisers, he co-led the interagency process to develop a government-wide approach to evaluating the costs and benefits of the release of GHGs into the atmosphere. This process led to what is commonly known as the Social Cost of Carbon, a method of monetizing the impacts of GHGs. The Interagency Working Group on the Social Cost of Carbon ("IWG") initially included subject-matter

---

[1] He served in this capacity from 2009 to 2010.
[2] He served in this capacity from 2015 to 2017.

experts from six federal agencies and six offices from the Executive Office of the President of the United States, with the U.S. Department of the Interior later adding its expertise to the group. In developing its estimates, the IWG used consensus-based decision-making, relied on existing academic literature and models, and took steps to disclose limitations and incorporate new information. *See* Interagency Working Group on Social Cost of Carbon, *Technical Support Document: Social Cost of Carbon for Regulatory Impact Analysis Under Executive Order 12866*, at 2–3, 6–8 (2010).

As a co-creator of the SCC and academic economist who leads a research team which works specifically on estimating correctly the economic impacts from GHG emissions, Professor Greenstone is interested in educating the public and policymakers on the value of the metric and its ability to inform government decision-making. As a co-creator of the SCC, Professor Greenstone also has a specific interest in correcting instances in which policymakers and government agencies misconstrue or misrepresent the SCC. Professor Greenstone has written and spoken extensively on the importance of considering climate damages and externalities such as air pollution when making decisions on federal policies, including coal leasing. *See, e.g.*, Richard Revesz, Michael Greenstone, Michael Hanemann, et al., *Best Cost Estimate of Greenhouse Gases*, 357 Science 655

(2017); Kenneth Gillingham, James Bushnell, Meredith Fowlie, Michael Greenstone, et al., *Reforming the U.S. Coal Leasing Program*, 354 Science 1096 (2016).

Some courts, particularly in other circuits with more proscriptive and stringent standards for amicus curiae participation than those applied in the Tenth Circuit, have rejected putative amici if their interests are already represented by parties to the litigation. To the extent the Court engages in that inquiry, Professor Greenstone is not represented by any party in this case. As an academic economist, Professor Greenstone is an independent, objective professor of environmental economics, and his interests here—in the open, apolitical, and useful application of the SCC to government decision-making—are distinct from the plaintiffs' interest in challenging the underlying federal action. Although Professor Greenstone agrees with plaintiffs that BLM erred in its analysis under the National Environmental Policy Act ("NEPA") and fundamentally misconstrued the SCC and the Bureau's inability to quantify the socioeconomic impacts of GHG emissions, that conclusion does not undermine his independent interest or utility as an amicus here. *See High Country*, 333 F. Supp. 3d at 1116–17 (allowing expert amicus even though it "addresses the same issues as the parties" because "its unique perspective [is] helpful in understanding and analyzing the issues presented"); *Kane County*, 934 F.

Supp. 2d at 1347 (granting motion to appear as amicus to provide historical context and background).

In short, Professor Greenstone's interest and expertise in the SCC and how government decision-making can best consider environmental impacts support his participation as amicus curiae here. *See High Country*, 333 F. Supp. 3d at 1116 (granting amicus curiae status to movant with "expertise generally in economic analysis—and particularly on the social cost of greenhouse gas metrics" to submit brief that presented "how economic measures can aid public understanding of abstract harms" and argued "that the challenged regulatory actions use arbitrary economic analysis and terminology").

### III. PROFESSOR GREENSTONE'S AMICUS BRIEF IS DESIRABLE AND RELEVANT

Professor Greenstone's views will be useful to the Court because he possesses a unique perspective and offers information that no other party to this litigation will be able to provide. Professor Greenstone is a leading expert on the incorporation of environmental and socioeconomic impacts of GHG emissions into government decision-making. Without his substantial independent expertise, the Court will likely be without important information bearing on the parties' claims and defenses.

Professor Greenstone's input as amicus is relevant to Plaintiffs' second cause of action: BLM's failure to take NEPA's required "hard look" at the effects of GHG emissions. *See* Complaint, ECF No. 2, ¶ 57. Professor Greenstone's proposed brief explains important flaws underlying BLM's refusal to quantify the environmental and socioeconomic impacts of carbon dioxide emissions resulting from the proposed project, and, more specifically, why it is unreasonable for BLM to reject the SCC protocol as a method to quantify the cost of those environmental impacts. *Id* at ¶¶ 55–59.

In two ways, Professor Greenstone's brief will assist the Court in understanding the SCC and its applicability to BLM's evaluation of the effects of the coal lease under NEPA. First, Professor Greenstone's expertise will be a valuable resource on the technical terms and complex subjects that the Court must understand to determine whether BLM's decision to forego the SCC and any other quantitative analysis of the impacts of GHG emissions was justified. Second, the amicus brief will explain that BLM misunderstood how the SCC enables informed decision-making with respect to the impacts of GHG emissions when it rejected the SCC methodology. This analysis will help the Court appreciate how BLM's misunderstanding of the SCC distorted the Bureau's analysis and prevented decision makers and the public from being presented with an accurate

representation of costs. Professor Greenstone's brief will demonstrate how BLM's mischaracterization of what the SCC is and does is at the root of the agency's failures to comply with its duties under NEPA.

Professor Greenstone possesses unique and relevant information and a perspective that the lawyers for the parties are unable to provide. Plaintiffs are environmental organizations, and, while they are knowledgeable about environmental law, they lack the subject matter expertise of an academic economist whose professional work centers around air pollution and climate change. Similarly, Federal Defendants and their counsel are knowledgeable about and experienced in the administration of federal lands and laws related thereto, but they too lack Professor Greenstone's technical and economic expertise. Professor Greenstone's academic work focuses on quantifying climate change damages and integrating that information into government decision-making. Indeed, his knowledge of these subjects is unparalleled, and no other party in this case has or can provide this level of technical expertise.

### IV. CONCLUSION

For these reasons, the Court should grant leave for movant to proceed as amicus curiae in support of plaintiffs and to file the accompanying amicus curiae

brief. The proposed amicus curiae Brief in Support of Plaintiffs and Curriculum Vitae of Professor Greenstone are attached hereto.

Dated: February 28, 2020          Respectfully submitted,

/s/ Mitch M. Longson
Jess M. Krannich (Utah Bar No. 14398)
Mitch M. Longson (Utah Bar No. 15661)
MANNING CURTIS BRADSHAW & BEDNAR PLLC
136 East South Temple, Suite 1300
Salt Lake City, UT 84111-1180
Tel: (801) 303-0034
Fax: (801) 364-5678
jkrannich@mc2b.com
mlongson@mc2b.com

Mark Templeton (*Pro Hac Vice* pending)
Robert Weinstock (*Pro Hac Vice* pending)
ABRAMS ENVIRONMENTAL LAW CLINIC
6020 South University Avenue
Chicago, Illinois 60637
Tel: (773) 702-9611
Fax: (773) 702-2063
templeton@uchicago.edu
rweinstock@uchicago.edu

*Attorneys for Proposed Amicus Curiae Professor Michael Greenstone*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the word limit in DUCivR 7-1(a)(3)(C) because, excluding the parts of the document exempted by the rule, the document contains 2,131 words.

/s/ Mitch M. Longson

## CERTIFICATE OF SERVICE

      I hereby certify that on the 28th day of February, 2020, the undersigned electronically transmitted the foregoing **MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF PROFESSOR MICHAEL GREENSTONE IN SUPPORT OF PLAINTIFFS** to the Clerk's Office for the United States District Court for the District of Utah using the District Court's CM/ECF System, which shall electronically serve a copy of the foregoing upon counsel of record for all parties in the above-captioned case.

                                              /s/ Mitch M. Longson